## LEONARD v. UNITED STATES.

No. 1017, Misc.   Decided June 22, 1964.

*John G. Clancy* for petitioner.

*Solicitor General Cox* for the United States.

PER CURIAM.

Petitioner was convicted in separate trials and by different juries of forging and uttering endorsements on government checks, 18 U. S. C. § 495, and of transportation of a forged instrument in interstate commerce, 18 U. S. C. § 2314. The two cases were tried in succession. The jury in the case tried first—forging and uttering endorsements—announced its guilty verdict in open court in the presence of the jury panel from which the jurors who were to try the second case—transportation of a forged instrument—were selected. Petitioner immediately objected to selecting a jury for the second case from among members of the panel who had heard the guilty verdict in the first case. The objection was overruled, and the actual jury which found petitioner guilty in the second case contained five jurors who had heard the verdict in the first case. The conviction in the second case was affirmed on appeal, 324 F. 2d 914, and petitioner now seeks a writ of certiorari.

The Solicitor General, in his brief filed in this Court, states that:

> "The procedure followed by the district court in selecting the jury was, in our view, plainly erroneous.

> Prospective jurors who have sat in the courtroom and heard a verdict returned against a man charged with crime in a similar case immediately prior to the trial of another indictment against him should be automatically disqualified from serving at the second trial, if the objection is raised at the outset."

We agree that under the circumstances of this case the trial court erred in denying petitioner's objection. Accordingly the motion for leave to proceed *in forma pauperis* and the petition for a writ of certiorari are granted, the judgment of conviction is reversed, and the cause is remanded for proceedings in conformity with this opinion.

*It is so ordered.*