Charles WEAVER, Appellant,

v.

UNITED STATES of America, Appellee.

No. 18585.

United States Court of Appeals Eighth Circuit.

July 10, 1967.

Rehearing Denied July 26, 1967.

9. Where the damages are unliquidated ipso facto there is a legitimate dispute. Dimick v. Schiedt, supra.

Austin F. Shute, of Pierce, Duncan, Beitling & Shute, Kansas City, Mo., for appellant and filed brief with Robert G. Duncan, Kansas City, Mo.

Bruce C. Houdek, Asst. U. S. Atty., Kansas City, Mo., for appellee and filed brief with F. Russell Millin, U. S. Atty., Kansas City, Mo.

Before VAN OOSTERHOUT, MATTHES and LAY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

This is an appeal by defendant Charles Weaver from his conviction by a jury and resulting sentences on each of two counts of an indictment charging the defendant with causing interstate transportation of forged securities, knowing the same to be forged, in violation of 18 U.S.C.A. § 2314. Concurrent sentences of three years were imposed.

Defendant asserts he is entitled to a reversal of his conviction upon the following grounds:

(1) Exemplars of his handwriting were obtained by officials after his arrest and while he was incarcerated in violation of his Fifth Amendment right against self-incrimination and his Sixth Amendment right to counsel.

(2) Prejudicial comment by the prosecuting attorney.

We hold that no prejudicial error was committed and affirm the conviction.

Defendant made motions for judgment of acquittal which were renewed after verdict. All such motions were overruled. The sufficiency of the evidence to support the verdict is challenged upon appeal only upon the basis that the handwriting exemplars of the defendant were received in evidence in violation of his constitutional rights and that without such evidence, the verdict lacks evidentiary support. In any event, we have carefully examined the record and have no doubt that the evidence is sufficient to support the conviction if the handwriting exemplars were properly received in evidence. Thus the crucial issue is the admissibility of the handwriting exemplars and no useful purpose will be served by a detailed recital of the evidence in the case.

Defendant, after his arrest and while in custody, during the course of an interview with an F.B.I. agent, at the request of such agent, furnished the agent with

999

999999999

9999999999999999999999999999999999

exemplars of his handwriting without protest. Such exemplars included only samples of his handwriting and contain nothing else of any evidentiary significance. Such exemplars were used as the basis for testimony of a handwriting expert that the writing on the stolen, unissued travelers' checks was that of the defendant.

The constitutional issues presented on the question of the admissibility of the handwriting exemplars are close and difficult questions upon which courts have not been in agreement. Such issues have been conclusively resolved against the defendant by the majority opinion of the Supreme Court written by Mr. Justice Brennan in Gilbert v. State of California, 388 U.S. 263, 87 S.Ct. 1951, 18 L.Ed.2d 1178, (June 12, 1967). The conflicting views upon such issues are fully discussed in the majority and dissenting opinions. We are bound by the majority opinion.

On the Fifth Amendment issue, *Gilbert* holds:

"The taking of the exemplars did not violate petitioner's Fifth Amendment privilege against self-incrimination. The privilege reaches only compulsion of 'an accused's communications, whatever form they might take, and the compulsion of responses which are also communications, for example, compliance with a subpoena to produce one's papers,' and not 'compulsion which makes a suspect or accused the source of "real or physical evidence" * * *.' Schmerber v. [State of] California, 384 U.S. 757, 763–764, [86 S.Ct. 1826, 16 L.Ed.2d 908]. One's voice and handwriting are, of course, means of communication. It by no means follows, however, that every compulsion of an accused to use his voice or write compels a communication within the cover of the privilege. A mere handwriting exemplar, in contrast to the content of what is written, like the voice or body itself, is an identifying physical characteristic outside its protection. United States v. Wade, ante, [87 S.Ct.] at 1926. No claim is made that the content of the exemplar was testimonial or communicative matter. Cf. Boyd v. United States, 116 U.S. 616 [6 S.Ct. 524, 29 L.Ed. 746]."

In our present case as in *Gilbert*, the exemplars contained no testimonial or communicative matter.

The *Gilbert* holding on the Sixth Amendment reads:

"The taking of the exemplars was not a 'critical' stage of the criminal proceedings entitling petitioner to the assistance of counsel. Putting aside the fact that the exemplars were taken before the indictment and appointment of counsel, there is minimal risk that the absence of counsel might derogate his right to a fair trial. Cf. United States v. Wade, ante. If, for some reason, an unrepresentative exemplar is taken, this can be brought out and corrected through the adversary process at trial since the accused can make an unlimited number of additional exemplars for analysis and comparison by government and defense handwriting experts. Thus, 'the accused has the opportunity for a meaningful confrontation of the [State's] case at trial through the ordinary processes of cross-examination of the [State's] expert [handwriting] witnesses and the presentation of the evidence of his own [handwriting] experts.' United States v. Wade, ante, [87 S.Ct.] at 1926."

In the case before us, defendant was advised before he gave the exemplars that he had a right to remain silent, that anything said would be used against him, that he had a right to consult an attorney or anyone of his choosing before saying anything, and that if he could not afford an attorney, the court would appoint one for him. Thereafter defendant voluntarily complied with the agent's request that he provide the handwriting exemplars. There is no claim that the production of the exemplars was coerced nor is there any evidence of coercion. Defendant's

complaint is that he was not specifically advised of his right to have his attorney present at the time that the exemplars were given. The holding in *Gilbert* that the Sixth Amendment rights were not violated by the taking of the exemplars in the absence of counsel is controlling here.

The court properly received the exemplars in evidence and properly overruled all motions for judgment of acquittal.

■ We now reach defendant's prejudicial comment point. The comment challenged was made by the Assistant United States Attorney during the course of his opening statement, using the following language:

"Now, as Judge Duncan indicated on Monday, this matter arises out of an indictment. Now, what that means is that a grand jury, sitting in secret here in Kansas City that was selected from the same group of people that you were selected from, sat and heard the Government's evidence in the case and then determined that there was probable cause to make a charge."

We have no doubt that the statement just quoted is improper. However, upon the basis of the record as a whole, we agree with the trial court that such statement was not so prejudicial as to require a new trial.

■ The trial court has the feel of the case by reason of his presence at all stages of the trial. He is able to observe the impression made upon the jury by the prosecutor's misconduct. The trial court's determination upon the issue of whether the prosecutor's misconduct prejudicially affected defendant's right to a fair trial is entitled to great weight. Isaacs v. United States, 8 Cir., 301 F.2d 706, 737.

We have in Homan v. United States, 8 Cir., 279 F.2d 767, 771, and in many other cases, followed the harmless error rule set forth in Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557, thus stated:

"If when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress."

■ We have also pointed out that prompt action by the trial court in sustaining objections to misconduct on the part of the prosecution and the giving of appropriate instructions to the jury to disregard the statement go far toward eliminating the effect of improper statements by counsel and that except in aggravated situations it cannot be fairly assumed that the jury will disregard such instructions. Koolish v. United States, 8 Cir., 340 F.2d 513, 533; Blauner v. United States, 8 Cir., 293 F.2d 723, 737; Isaacs v. United States, supra.

The record discloses that before defense counsel could complete his objection to the prosecutor's improper statement, the court sustained the objection and instructed the jury to disregard the statement. Defense counsel then moved for a mistrial. The court ruled as follows:

"The objection is overruled and the court will explain to the jury the purpose of an indictment and how it is arrived at.

"The fact that an indictment has been returned is absolutely no evidence of the guilt of the defendant, it should not be considered as any evidence of the guilt of the defendant. It is only the means by which the matter is brought to the attention of the Court and to the jury."

The court in its final instructions to the jury again advised that the indictment should not be considered as evidence of guilt and went on to say that the indictment should not create even a suspicion of guilt. The usual criminal burden-of-proof and reasonable doubt instructions were given. Defendant

requested no additional instructions of any kind, affirmatively expressed approval of the instructions given and took no exceptions to the instructions.

A full examination of the record convinces us that the trial court did not abuse its discretion or commit error in determining that the asserted misconduct of the prosecutor did not constitute prejudicial error which went to the extent of depriving defendant of a fair trial.

The conviction is affirmed.