**Cleo Marshall GORDON, Appellant,**

v.

**UNITED STATES of America,
Appellee.**

**No. 18810.**

United States Court of Appeals
Eighth Circuit.

Nov. 3, 1967.

an indictment carried with it a previous determination of guilt by the grand jury upon the offenses upon which defendant was being tried. We find such contention to be without merit and affirm the conviction.

The record establishes that at least a substantial number of the petit jurors were present in the courtroom while a new grand jury was being impaneled and instructed. The instructions were made part of the record in this case. No specific reference is made in the instructions to the defendant nor is the law with respect to the crime for which defendant was tried discussed in any way. Defendant, in support of his contention that he was prejudiced by the grand jury instructions, relies principally upon the following excerpts from the instructions, to wit:

"Before determining in any case that an indictment should be found, you should be convinced that the accused is guilty. You ought not to find an indictment unless you are fairly satisfied that the evidence before you, unexplained, uncontradicted, would justify a conviction by a petit jury. No indictment should be found where there is wanting an essential link in the proof of the charge, since all indictments returned by you become public records and are subject to general comment. It would be wrong for persons in the powerful position you occupy to permit your zeal to carry you beyond your legitimate province and place the stigma of indictment upon anyone who, in the light of the evidence brought before you, does not appear to be guilty of any violation of both the letter and the spirit of the law. We think that grand juries in this district have in the past carefully observed this admonition; and it is customary, it usually follows when a grand jury returns an indictment that conviction in some form or other follows in court, and that is as it should be. There are enough guilty people to prosecute without harrassing innocent ones. * * *

Jerome I. Kaskowitz, St. Louis, Mo., made argument for appellant and filed brief.

William C. Martin, Asst. U. S. Atty., St. Louis, Mo., made argument for appellee; Veryl L. Riddle, U. S. Atty., was on the brief with him.

Before VAN OOSTERHOUT, GIBSON, and HEANEY, Circuit Judges.

VAN OOSTERHOUT, Circuit Judge.

Defendant, Cleo Marshall Gordon, has taken this timely appeal from his conviction by a jury on both counts of an indictment charging him with unlawfully purchasing heroin on separate occasions as stated in the respective counts, in violation of 26 U.S.C.A. § 4704(a), and the resulting consecutive sentences of three years imposed upon each count.

Defendant was represented by court-appointed counsel in the trial court and upon this appeal. The only error here asserted is that the defendant was deprived of his constitutional right to a fair trial by reason of the trial court's refusal to sustain his challenge to the entire jury panel upon the ground that the jurors were present in the courtroom at the time a grand jury was impaneled and instructed and that the effect of such instructions was to create an impression in the minds of the jurors that

"So I think your duty becomes increasingly delicate when I tell you that you ought not return an indictment unless the accused is guilty, and at the same time tell you that you ought not to require the government to produce all the evidence it has available in hearings before you. That is a matter we trust to the good judgment of the grand jury, and in the past we have usually found them equal to the task."

The instructions also included the following:

"It is not necessary for the government to prove the guilt of the defendants beyond a reasonable doubt in investigations before you. That is its duty on the trial of a case, but before a grand jury it is only incumbent upon the government to show that a crime has been committed and that there is a reasonable probability that the defendant charged is guilty of that crime."

The court immediately after overruling defendant's challenge to the panel advised the jury in substance that the instructions given were for the grand jury alone and that the court did not intend to create any impression that it is necessary to convict any person indicted and that if the jurors got such impression, to strike it out of their minds completely, and then told the jury:

"This case is being tried on the facts of it alone, as presented to you, not what occurred in the grand jury. You have no right to know what happened before the grand jury, but you'll be bound by the testimony here, starting with the fact this man is presumed to be innocent, and which goes with him all the way."

In its instructions at the close of the evidence, the court gave the usual instructions on presumption of innocence, burden of proof and reasonable doubt, and specifically stated:

"I say to you the indictment constitutes no evidence of any character in this case against the defendant. It does not raise a suspicion of guilt as to

the defendant, and you will not consider it when you retire to the jury room as containing or constituting any evidence whatsoever of guilt against the defendant."

No additional instructions were requested and defendant's counsel specifically stated he had no exceptions to the instructions given.

The voir dire examination of the jury is not set out in the record. Defendant's counsel in oral argument admitted that he was afforded a full opportunity to examine the individual jurors and that he made no attempt to ascertain from the jurors the effect, if any, of the grand jury instructions upon them.

 We are convinced that the court committed no prejudicial error in overruling defendant's challenge to the jury panel. Problems such as here presented could be avoided by excluding the jury from the courtroom while a grand jury is being instructed. We are satisfied that the presence of the jury during the impaneling of the grand jury does not constitute prejudicial error per se. The grand jury instructions were entirely proper and when fairly considered as a whole, they do not afford any reasonable basis for creating an impression that an indictment should be given any weight in determining the guilt or innocence of a defendant.

The situation here presented is far different from that in Leonard v. United States, 378 U.S. 544, 84 S.Ct. 1696, 12 L.Ed.2d 1028, relied upon by the defendant. In that case the jury panel which tried defendant on a charge of transporting a forged instrument heard a prior jury return a verdict of guilty against the defendant on a charge of forging and uttering endorsements on government checks. The Solicitor General confessed error. The Supreme Court agreed "that under the circumstances of this case the trial court erred in denying petitioner's objection." We believe the Leonard holding is limited to the peculiar facts of that case and that no general rules with respect to prejudicial error are laid down.

The prompt action taken by the trial court to wipe out any possible erroneous impression the jury might have received from the grand jury instructions and the fair and proper instructions given at the close of all the evidence eliminate any reasonable possibility that the defendant's right to a fair trial was in any way infringed.

In Weaver v. United States, 8 Cir., 379 F.2d 799, the prosecutor in his opening statement alluded to the fact that a grand jury had heard the same evidence against the defendant and found probable cause to make the charge existed. Defendant's objection to the statement was promptly sustained and the jury was immediately advised, and again advised in the instructions, that the indictment cannot be considered as any evidence of guilt. In affirming the conviction, we stated that the determination of the effect of an asserted error by the trial court is entitled to great weight as he has the feel of the case by his presence at the trial and has opportunity to observe the impression made upon the jury. We further stated:

"We have in Homan v. United States, 8 Cir., 279 F.2d 767, 771, and in many other cases, followed the harmless error rule set forth in Kotteakos v. United States, 328 U.S. 750, 764–765, 66 S.Ct. 1239, 1248, 90 L.Ed. 1557, thus stated:

'If when all is said and done, the conviction is sure that the error did not influence the jury, or had but very slight effect, the verdict and the judgment should stand, except perhaps where the departure is from a constitutional norm or a specific command of Congress.'

"We have also pointed out that prompt action by the trial court in sustaining objections to misconduct on the part of the prosecution and the giving of appropriate instructions to the jury to disregard the statement go far toward eliminating the effect of improper statements by counsel and that except in aggravated situations it cannot be fairly assumed that the jury will disregard such instructions. Koolish v. United States, 8 Cir., 340 F.2d 513, 533; Blauner v. United States, 8 Cir., 293 F.2d 723, 737; Isaacs v. United States, supra. [301 F.2d 706, 737.]" 379 F.2d 799, 802.

In Evans v. United States, 8 Cir., 375 F.2d 355, 362, in affirming the conviction of Bruton, we held:

"To overturn Bruton's conviction we would be required to speculate that the jury, presumably composed of prudent and intelligent men, disregarded the court's instructions and their oaths. The Supreme Court has expressed similar sentiments in dealing with this very question:

'To say that the jury might have been confused amounts to nothing more than an unfounded speculation that the jurors disregarded clear instructions of the court in arriving at their verdict. Our theory of trial relies upon the ability of a jury to follow instructions.' Opper v. United States, 348 U.S. 84, 95, 75 S. Ct. 158, 99 L.Ed. 101 (1954)."

The law as stated in the foregoing cases is applicable to the factual situation here presented. Defendant does not challenge upon this appeal the sufficiency of the evidence to support the guilty verdicts. A detailed discussion of the evidence will serve no useful purpose. We have carefully examined the entire record and find that the evidence in support of the conviction is strong. We are satisfied that the defendant has had in all respects a fair trial. We note that the defendant at the time of his sentence volunteered, "Your Honor, I feel that I have had a fair trial and things were misunderstood and that the court has mercy on me when he sentences me."

The judgment is affirmed.