**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Isaiah Louis TWEED, a/k/a Isaiah Lewis Tweed, Defendant-Appellant.**

**No. 73–1131.**

United States Court of Appeals, Seventh Circuit.

Argued April 16, 1974.

Decided Sept. 23, 1974.

As Amended Oct. 21, 1974.

Rehearing Denied Nov. 27, 1974.

Robert F. Godfrey, E. St. Louis, Ill., for defendant-appellant.

Henry A. Schwarz, U.S. Atty., and Frederick J. Hess, Asst. U.S. Atty., E. St. Louis, Ill., for plaintiff-appellee.

Before FAIRCHILD, PELL and STEVENS, Circuit Judges.

PELL, Circuit Judge.

Defendant-Appellant Isaiah Tweed appeals from a judgment of conviction following a verdict of guilty on two counts of an indictment for possession of destructive devices in violation of 26 U.S. C. §§ 5861(c), 5861(d), and 5871. Tweed raises a number of issues on appeal, the most significant ones being: (1) whether the district court erred in its examination and exclusion of certain veniremen; and (2) whether the district court erred in permitting the Government to introduce certain evidence in rebuttal.

I

Approximately four months prior to the trial in the present case, Tweed was tried and acquitted by a jury for possession of a sawed-off shotgun. The two Counts of the firearms trial involved a later incident than that involved in the present trial and had been severed from the remaining counts of the present trial indictment. At the voir dire in the present case, defense counsel asked that three prospective jurors be removed for cause: one had served on the jury in the prior trial and two had been on the jury panel, although not the actual jury, in the prior trial. After examining these three persons, the district court removed for cause the venireman who had actually served on the previous jury, but refused

to remove for cause the two veniremen who had been in the prior jury panel. Tweed contends that the district judge erred in failing to exclude for cause these two veniremen.

The two veniremen in question, however, did not actually serve on the jury in the present case being removed apparently by means of peremptory challenges. The defendant has made no showing that the use of these peremptory challenges in any way prejudiced his case. In this situation no error arose from the district court's refusal to exclude these veniremen for cause. *Cf.* Jordan v. United States, 295 F.2d 355, 356 (10th Cir. 1961), cert. denied, 368 U.S. 975, 82 S.Ct. 479, 7 L.Ed.2d 438 (1962).

■ Tweed also contends that the district judge committed error in asking the entire jury panel:

"Have any of you, those of you who served here in June and July, were you on any trial involving this defendant?"

The defendant argues that this question informed the entire jury panel in the present case that Tweed had been tried earlier in a criminal matter and permitted the panel to infer that Tweed was disposed to commit crimes.

The defendant has read too much into the district judge's question. The question does not indicate that the earlier action was a criminal trial. In the question immediately preceding this one, the trial judge had asked, in fact, about whether any panel members had served previously on either *criminal or civil* juries. Moreover, the district judge's question only indicated that Tweed had been "involved" in a prior action. From this question, the veniremen could not have known whether Tweed was a plaintiff, a defendant, or a witness in the earlier trial. We conclude that the district judge's question does not require reversal.

■ Tweed further complains of the district court's refusal to engage in further interrogation of the three jurors in question. We are satisfied that the judge sufficiently brought out their connection with the panel and their connection or lack of connection with the earlier trial. In any event, as stated before, none of the three served on the jury in the present case.

■ We find no merit in the contention that the entire panel should have been excused. Tweed relies on Mottram v. Murch, 458 F.2d 626 (1st Cir. 1972), and United States v. Leonard, 378 U.S. 544, 84 S.Ct. 1696, 12 L.Ed.2d 1028 (1964). In *Mottram,* four jurors were permitted to sit on both trials and in *Leonard* a jury was selected from a panel which had heard the pronouncement of a guilty verdict in the prosecution of the same defendant for a similar crime. Over and above the fact that in the present situation the defendant had been found not guilty by the prior jury of an offense arising out of the later transaction, the factual situations of the cited cases are otherwise so far removed from the present case as to make them inapplicable as authority.

No prejudice to Tweed's right to a fair trial has been demonstrated by the district court's manner of handling the impaneling of the jury and consequently we find no ground for reversal.

II

■ Tweed next argues that the district court erred in allowing the Government to introduce evidence in rebuttal for the purpose of impeaching the defendant after this evidence had been suppressed by the court due to an unlawful search and seizure. We find that this evidence was properly admitted under Walder v. United States, 347 U.S. 62, 74 S.Ct. 354, 98 L.Ed. 503 (1954), and Harris v. New York, 401 U.S. 222, 91 S.Ct. 643, 28 L.Ed.2d 1 (1971).

In *Walder,* a defendant charged with possession of narcotics testified on both direct and cross examination that he had never sold, possessed, or handled narcotics. The Supreme Court held that, under these circumstances, the Government

was properly permitted to present, in rebuttal, evidence of a heroin capsule, which had been unlawfully seized from the defendant's home two years earlier. The trial judge had charged the jury that this evidence was admitted solely for the purpose of impeaching the defendant's credibility.

In *Harris,* the defendant had made a statement which was inadmissible under Miranda v. Arizona, 384 U.S. 436, 86 S. Ct. 1602, 16 L.Ed.2d 694 (1966). The defendant in *Harris* took the stand and made statements on direct examination which contrasted sharply with the prior inadmissible statement. The Supreme Court held that, in this situation, the Government could use the defendant's prior statement to impeach the defendant's testimony on direct where the trial judge instructed the jury that the statement attributed to the defendant could be considered only in passing on his credibility. The Court noted that, "[h]aving voluntarily taken the stand, petitioner was under an obligation to speak truthfully and accurately, and the prosecution here did no more than utilize the traditional truth-testing devices of the adversary process." 401 U.S. at 225, 91 S.Ct. at 645.

The Court in *Harris* noted that in *Walder* the defendant had been impeached as to collateral matters whereas Harris was impeached as to testimony bearing more directly on the crimes charged. The Court stated, however, that "[w]e are not persuaded that there is a difference in principle that warrants a result different from that reached by the Court in *Walder.*" 401 U.S. at 225, 91 S.Ct. at 645.

In the present case, the evidence in question was clothing worn by Tweed on the night that the offense occurred. On direct examination, Tweed testified that he did not possess dynamite on the date of the offense. Following up the denial of possession, questions were put to Tweed on cross examination as to whether during the evening in question he had carried, transported or handled explosives. He denied the nexus. In re-

buttal, the Government was permitted to introduce testimony and exhibits which indicated that Tweed's clothing contained traces of certain chemicals found in ammonia dynamite. Before permitting the introduction of this evidence, the district court admonished the jury that the evidence could only be considered in passing on Tweed's credibility and that it could not be considered as evidence of guilt. Under these circumstances, the evidence was admissible for the purpose as limited by the court's admonition under *Walder* and *Harris.*

Tweed contends, however, that *Harris* is inapplicable because the Government's evidence did not impeach the defendant's testimony on direct examination. Tweed stated on direct examination, the defense notes, that he did not possess dynamite, but Tweed was not questioned about whether he possessed certain chemicals. The Government's rebuttal testimony, it is argued, only indicated the presence of certain chemicals and, therefore, did not impeach Tweed's testimony.

This contention is without merit. The Government's rebuttal witness, a forensic chemist, identified the various chemicals found on the clothing and stated that these chemicals were particles of ammonia dynamite. On cross examination, the chemist stated that dynamite was the only substance he knew of which contained all of the ingredients which were found on the clothing. The fact that the Government's evidence was circumstantial in nature does not render it inadmissible as impeaching evidence.

### III

Just as impeaching evidence may be circumstantial in character so may convicting evidence be. Tweed argues that his motion for acquittal should have been granted and it is true that no one saw him place or set off a bomb in the kitchen of a residence recently occupied by people he had threatened to kill just a few hours earlier. The Government carefully built an over-

powering case of circumstantial evidence showing guilt of the charges on which Tweed was convicted. Viewing, as we must, this evidence in the light most favorable to the Government, it was more than sufficient to support the verdict.

We find no merit in Tweed's other contentions including the claim of bias on the part of the trial judge.

Accordingly, the judgment of conviction is

Affirmed.