Joseph Howard DONOVAN,
Petitioner,

v.

Jack F. DAVIS, Director, Virginia State Department of Corrections, and A. T. Robinson, Superintendent, Powhatan Correctional Center, Respondents.

Civ. A. No. 75–0015.

United States District Court,
W. D. Virginia,
Harrisonburg Division.

May 29, 1975.

Edward L. Hogshire, Lowe & Gordon, Charlottesville, Va., for petitioner.

Gilbert W. Haith, Asst. Atty. Gen., Richmond, Va., for respondents.

## OPINION and JUDGMENT

DALTON, District Judge.

Joseph Howard Donovan, petitioner, has filed a petition for writ of habeas corpus with this court. Petitioner is currently serving a sentence of ten years in the state penitentiary. Petitioner was convicted for attempted rape, entered in the Circuit Court for Rockingham County, Virginia. Petitioner is presently detained at the Powhatan Correctional Center.

Petitioner challenges his conviction of March 13, 1972, by the Circuit Court of Rockingham County, wherein a jury found petitioner guilty of attempted rape and imposed a sentence of ten years. The only allegation presented by petitioner is that he was denied his right to a trial before a fair and impartial jury. The basis for this allegation is the fact that some of the jurors who served on the jury which convicted petitioner of attempted rape had previously served on a jury wherein the petitioner was tried and acquitted of a charge of unauthorized use of a motor vehicle.

Respondents have filed an answer and have admitted that petitioner has exhausted his state remedies as to the allegation herein raised. Respondents have also caused a transcript of petitioner's trial to be forwarded to this court and the transcript is now before the court. After careful examination of the transcript and relevant law, the court holds that petitioner did not suffer a constitutional deprivation.

Although petitioner cites the Supreme Court case of *Leonard v. United States*, 378 U.S. 544, 84 S.Ct. 1696, 12 L.Ed.2d 1028 (1964), as dispositive of the law relevant to this present case, *Leonard* is inapposite to the instant case in that in *Leonard* the Supreme Court merely adopted the Solicitor General's opinion that:

> Prospective jurors who have sat in the courtroom and heard a verdict returned against a man *charged with crime in a similar case immediately prior* to the trial of another indictment against him should be automatically disqualified from serving at the second trial, if the objection is raised at the outset. (emphasis added). (378 U.S. at 544, 84 S.Ct. at 1696).

There is a crucial distinction between the present case and *Leonard*: in the present case there was no similarity between the two cases which the jury heard (unauthorized use of a motor vehicle and attempted rape), whereas in *Leonard* the two cases were not only similar but related (forging and uttering endorsements and transportation of a forged instrument). Therefore, the court finds no authority in the *Leonard* holding which is controlling in determination of the present case.

▆▆ The court recognizes the right to a trial before an impartial jury in criminal cases and should this right be

abridged, federal habeas corpus relief is appropriate to set aside resulting conviction. Petitioner has put forth an allegation that the jury which tried him was prejudiced but only because some jurors had heard a previous case involving the same defendant. However, these jurors were on a jury which acquitted the defendant, and there is no reason to assume they were thereby prejudiced against the petitioner. Moreover, at the voir dire hearing the judge specifically inquired as to whether the prior exposure to the petitioner in a previous trial would prejudicially affect the jurors' ability to render a fair verdict.

COURT: Has anyone formed or expressed an opinion respecting the guilt or innocence of this young man in this connection?

(No Response)

COURT: Are you sure there is no reason that you feel that would likely prevent you from sitting impartially on the trial in this case?

(No Response)

COURT: Some of you may recall that this young man was previously before some of you in another jury picked from your group earlier in the term on a completely disassociated, unrelated charge of unauthorized use of a motor vehicle and I will ask you whether or not any one of you feels that the fact that he is before you on another unrelated charge in this term, will that fact in any way influence your verdict on the charge of rape?

(No Response)

COURT: I will turn the prospective jurors over then to the defense counsel for further challenge if he desires.

MR. PAUL: Well, I will challenge any member of the jury to the fact of the previous motion . . . of the venire.

COURT: I understand that. You object to anybody from this panel being placed on today's jury. But the Court has already ruled on that. And the Court has also invited these prospective jurors, anyone of them that feels that this man from previous exposure on another offense, if that fact in any way will bear on the verdict today. I get no answer and I guess their silence is a negative response. (Tr. 5–6)

The judge again instructed the jury at the close of the trial to not allow their previous knowledge to interfere with the rendering of a fair verdict:

Before letting you retire to your jury room, let me again remind you to wipe from your mind, those of you at least who sat on a case against this same young man earlier in this term when he was charged with the unauthorized use of a motor vehicle. The Court has seen fit to let the jury be selected from today's panel even though a good many of them had been members of that jury. I believe it turns out that the record will show that as many as five or possibly six of you in the box now were on the unauthorized use charge against this young man. Of course those of you who served on that jury, you know that you resolved the case in his favor, with an acquittal, but let me point this out. The motor vehicle use was a complete disconnected case from the one in trial today and no elements in that case have anything to do with the elements of this case. Of course, the Court believes that all of you are people of sound, good, reasonable judgment and realize that because a man may be involved in some other offense, in which he was acquitted, that that involvement would have no connection and would be subject to no consideration in your arrival of a verdict in the case involved because they are two completely different matters, completely unrelated and one should have no influence over the other. So with that again, the Court admonishes you to wipe from your recollections any impressions you may have gotten concerning this young man that may possibly be unfavorable and give him a

fair trial on the evidence you have heard on this case with respect to the immediate charge of attempted rape. You may retire to your jury room to consider your verdict. (Tr. 36–37).

The court finds that no case of actual prejudice has been made out by petitioner, and the mere showing of the possibility of prejudice without more is not sufficient for a court to grant federal habeas corpus relief. Herein no more than a mere possibility of prejudice has been alleged and the transcript demonstrates that there was substantial evidence upon which the jury could convict.

Therefore, the court grants summary judgment to respondents and accordingly orders this petition denied and stricken from the docket. Petitioner is advised that he may appeal the judgment of this court to the United States Court of Appeals for the Fourth Circuit by filing a notice of appeal with this district court within thirty (30) days.