24 F.3d 251
NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 UNITED STATES of America, Plaintiff-Appellee,
v.
Edward L. POWELL, Defendant-Appellant.
 No. 93-10113.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Feb. 11, 1994.
Decided May 12, 1994.
 
 Before: POOLE, BEEZER, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Edward L. Powell (Powell) appeals his jury conviction for being a felon in possession of a firearm in violation of 18 U.S.C. Sec. 922(g)(1). We affirm.
 
 A. Improper Comment by Prosecutor
 
 3
 Powell argues that the prosecutor's reference in his opening statement to the grand jury's finding of probable cause deprived him of a fair trial.[1] We reject this argument. We review allegedly improper prosecutorial comments for which the defendant objects under the harmless error doctrine. United States v. Endicott, 803 F.2d 506, 513 (9th Cir.1986). "The inquiry is whether allegedly improper behavior, considered in the context of the entire trial, including the conduct of the defense counsel, affected the jury's ability to judge the evidence fairly." Id.
 
 
 4
 The prosecutor made the following statement to which the defendant objected:
 
 
 5
 Now, this case, as I mentioned, began back in April of 1991 by a grand jury indictment. A grand jury indictment is simply in federal cases the procedural device where a crime is charged. As he sits there in this courtroom at defense table, Mr. Powell is an innocent man. He enjoys the presumption of innocence.
 
 
 6
 It is my burden, on behalf of the United States, to convince you, as the finders of fact, beyond a reasonable doubt, which is the highest standard in this country in our system of justice, that all the elements of the offense have been proven.
 
 
 7
 Now, this case began in April of '91, when the grand jury found there was probable cause to believe that Mr. Powell committed the offense. They returned the indictment. Now, probable cause is a far--
 
 
 8
 The defendant objected at this point and moved for a mistrial which the district court denied. Following Powell's objection the district court gave Powell until the next morning to submit authorities in support of the motion for mistrial. He submitted no authority.
 
 
 9
 Assuming the prosecutor's comment was improper, we conclude that it was not so prejudicial as to warrant reversal. The district court's contemporaneous statement to the prosecutor to refrain from making further remarks about the grand jury, coupled with its instruction to the jury that opening arguments were not evidence, was sufficient to render any error harmless. See United States v. McKoy, 771 F.2d 1207, 1213 (9th Cir.1985) (trial court may be able to neutralize effect of improper prosecutorial remarks by admonishing counsel to refrain from such remarks); see also Weaver v. United States, 379 F.2d 799, 802 (8th Cir.) (prosecutor's similar reference in opening statement to grand jury finding probable cause not reversible error), cert. denied, 389 U.S. 962 (1967).
 
 B. Indictment
 
 10
 The district court gave a redacted version of the indictment to the jury which only included Count IV. The district court submitted that portion of the indictment to the jury and told them that it contained Count IV, "which is the count that is being tried in this case." As the court pointed out when it denied Powell's motion for mistrial, the fact that Count IV was being tried was ambiguous because the other counts could have involved other people, rather than other crimes attributed to Powell.
 
 
 11
 The trial court instructed the jury that Powell was on trial only for the conduct charged in the indictment and not for any other activity. The jury was also instructed both that the indictment was not evidence and that the verdict should be based solely on the evidence presented. The jury is presumed to have followed the instructions. United States v. Parker, 432 F.2d 1251, 1255 (9th Cir.1970), cert. denied, 404 U.S. 836 (1971). Any error in referring to Count IV was harmless.
 
 C. Motion for Recusal
 
 12
 The district court did not err in denying Powell's motion for recusal and substitution of AUSA Bevan. Powell's reliance upon United States v. Prantil, 764 F.2d 548 (9th Cir.1985), is misplaced. The prosecutor in Prantil would have been a material witness in the very case he was prosecuting. In this case, however, Bevan would not have been a witness in the case he was prosecuting. Rather, he was a potential witness in an unrelated case in which Powell had been charged with threatening Bevan's family. Prantil simply does not apply.
 
 
 13
 Similarly, contrary to Powell's argument, the advocate-witness rule does not apply here. That rule "prohibits an attorney from appearing as both a witness and an advocate in the same litigation." Id. at 552-53 (emphasis added). Nor do the underlying policy concerns require application of the advocate-witness rule. See id. (policy concerns include lack of witness objectivity because witness is also an advocate; prestige of prosecutor's office lends credibility to prosecutor/witness testimony; jury confusion from dual role; and appearance of impropriety).
 
 
 14
 We also reject Powell's contention that the district court should have recused Bevan because it might have facilitated pretrial disposition of the case as communications between Bevan and defense counsel had become strained. Nor do we agree with Powell that Bevan lost objectivity because he had expressed his belief that Powell should be imprisoned for the rest of his life. Powell fails to cite authority for these propositions other than ABA Standards for Criminal Justice Sec. 3-1.2 regarding conflict of interest which states that prosecutors should avoid the appearance or reality of a conflict of interest in carrying out official duties. From the record, we cannot conclude that Bevan had lost his objectivity. Bevan made the statement that Powell deserved life imprisonment during sentencing in a separate case in which Powell had been charged with money laundering. Powell does not point to any concrete evidence which would indicate that Bevan's conduct during any of the proceedings was anything other than professional in accord with his official duties. Powell has failed to establish that the district court abused its discretion in refusing to recuse Bevan. See Prantil, 764 F.2d at 552.
 
 
 15
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 We decide the issue relating to the jurisdiction of the district court in a separate published opinion