NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0331n.06

No. 09-2457

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

|                            |     |                              |
|----------------------------|-----|------------------------------|
| ANTONIO TOLBERT,           | )   |                              |
|                            | )   | **FILED**                    |
|    Petitioner-Appellant, | )   | **May 18, 2011**             |
|                            | )   | LEONARD GREEN, Clerk         |
| v.                         | )   | ON APPEAL FROM THE UNITED    |
|                            | )   | STATES DISTRICT COURT FOR THE|
| JAN TROMBLEY,              | )   | EASTERN DISTRICT OF MICHIGAN |
|                            | )   |                              |
|    Respondent-Appellee. | )   |                              |

Before: MARTIN and SUTTON, Circuit Judges; GRAHAM, District Judge.[*]

SUTTON, Circuit Judge. When the attorney for Antonio Tolbert gave his closing argument in this drug-distribution case, he met resistance from an unlikely source: the jury. Juror four "looked right at [him]," R.13-5 at 195, and said, "[D]on't insult my intelligence," *People v. Tolbert*, No. 262792, 2006 WL 2924577, at *4 (Mich. Ct. App. Oct. 12, 2006) (per curiam). Juror eight gave defense counsel "a real dirty look," R.13-5 at 196, and said, "I don't want to hear that crap. Blah, blah, blah," *Tolbert*, 2006 WL 2924577, at *4.

In certain types of Michigan felony trials, including this one, fourteen jurors hear the evidence, after which the court randomly excuses two of the fourteen as alternates prior to jury deliberations. Mich. Comp. Laws § 768.18(1). Tolbert's counsel moved to excuse jurors four and

---

[*]The Honorable James L. Graham, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

eight as alternates, but the trial court denied the motion, analogizing the jurors' comments to hostile body language conveying the same message. The court randomly selected the two alternates, and jurors four and eight served on the jury that convicted Tolbert.

The Michigan Court of Appeals affirmed his conviction, and the Michigan Supreme Court denied leave to appeal. *People v. Tolbert*, 728 N.W.2d 450 (Mich. 2007). The federal district court rejected Tolbert's *pro se* habeas petition and denied a certificate of appealability. We granted a certificate on Tolbert's claim that the trial court should have removed jurors four and eight.

Congress has cabined the availability of federal habeas corpus relief "with respect to any claim" the state courts "adjudicated on the merits." 28 U.S.C. § 2254(d). We have the authority to issue habeas relief as to such claims only if the state courts' adjudication "(1) resulted in a decision that was contrary to, or involved an unreasonable application of" Supreme Court precedent or "(2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." *Id*. Neither party disputes that § 2254(d) applies to Tolbert's claim.

Tolbert maintains that the trial court denied him "the right to a . . . trial[] by an impartial jury" and "deprive[d] [him] of . . . liberty . . . without due process of law" when it declined to excuse jurors four and eight. U.S. Const. amends. VI, XIV. In denying this claim, the state court reasoned that the jurors' comments "were merely a 'juror thought process' that was verbalized during trial," not that different from expressive body language and the visual, as opposed to verbal, cues that come

with it. *Tolbert*, 2006 WL 2924577, at *4. In the state court's opinion, the jury instruction to consider only properly admitted evidence mitigated any possible harm, which in any event was insignificant given Tolbert's failure to allege that outside influences affected the verdict. *Id.* In the final analysis, the court concluded, "[t]he jurors' comments may have been a break in the trial court's decorum, but they did not deny defendant a fair trial." *Id.*

The short answer to this claim is that the Supreme Court has not dealt with anything like it before. We are not aware of a case in which the Court has construed the Constitution to prohibit a juror who speaks out once during the trial from continuing to sit on the jury. Neither the parties nor the lower court have identified any such case either. We could stop there. "[I]t is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by th[e Supreme] Court." *Knowles v. Mirzayance*, 556 U.S. __, 129 S. Ct. 1411, 1419 (2009).

Even if we construe Tolbert's claim more broadly, as we sometimes do for *pro se* litigants, we cannot envision a cognizable basis for granting habeas relief. To the extent Tolbert means to argue that extra-record evidence infected the jury's deliberations, nothing supports the argument. The Supreme Court has confronted allegations of juror bias resulting from a litany of outside influences: bribes, *Remmer v. United States*, 347 U.S. 227 (1954), prejudicial comments by the bailiff, *Parker v. Gladden*, 385 U.S. 363 (1966) (per curiam), pre-trial publicity, *Sheppard v. Maxwell*, 384 U.S. 333 (1966), requests for a job with the District Attorney's office by a juror, *Smith v. Phillips*, 455 U.S. 209 (1982), and others, *see, e.g.*, *Turner v. Louisiana*, 379 U.S. 466 (1965);

*Leonard v. United States*, 378 U.S. 544 (1964) (per curiam). Tolbert's case, however, falls into none of these categories. He does not identify any outside influence that affected jurors four and eight, leaving his case at least one step removed from this line of authority.

To the extent Tolbert means to argue that his case involves "threats to the fundamental fairness of a criminal trial posed by conditions in (or originating in) the courtroom," *Carey v. Musladin*, 549 U.S. 70, 82 (2006) (Souter, J., concurring), that claim also goes nowhere. A defendant's trial may be poisoned by a mob, hungry for a conviction. *See Moore v. Dempsey*, 261 U.S. 86 (1923). Or it may be overcome by distractions from news cameras and reporters interviewing trial participants. *See Sheppard*, 384 U.S. at 355; *Estes v. Texas*, 381 U.S. 532, 546–51 (1965). Constitutional problems also may arise where a "courtroom arrangement" presents "'an unacceptable risk . . . of impermissible factors coming into play,'" *Holbrook v. Flynn*, 475 U.S. 560, 570 (1986), such as where the court "compel[s] [a defendant] to wear identifiable prison clothing at his trial," *Estelle v. Williams*, 425 U.S. 501, 502 (1976), or binds and gags a defendant, *see Illinois v. Allen*, 397 U.S. 337, 342–44 (1970). Each of these cases also is at least one step removed from Tolbert's. There is nothing about his trial that presented an unacceptable risk that the jury decided his guilt based on anything other than the evidence before it.

That leads to the last possibility (we can think of)—that the jury engaged in premature jury deliberations. In such cases, courts worry if the jury "prematurely form[s] judgments that will be difficult to dislodge later in the proceedings." *United States v. Jadlowe*, 628 F.3d 1, 17 (1st Cir. 2010). The first problem with this theory is that the Supreme Court has not entertained a premature-

deliberations case, making it hard to say that anything in this area is squarely established for § 2254(d) purposes. The second problem with this claim is that it falls short even under existing court of appeals precedents. Two cases present nearly identical facts, and in each the court rejected the claim on *direct review*. In *United States v. Gianakos*, 415 F.3d 912, 921 (8th Cir. 2005), during the government's presentation of evidence, one juror mouthed to another, "he's guilty." Given the presumption that jurors impartially apply the law to the evidence before them and given that Gianakos offered "no allegations of external influence on the jury" rebutting the presumption, the court of appeals affirmed Gianakos' conviction. *Id.* at 921–22. The Eighth Circuit likewise did not disturb the conviction in *United States v. Caldwell*, 83 F.3d 954, 956 (8th Cir. 1996), where during the trial one juror said, "I've heard all of this I need to hear," and another said, "this is just a bunch of crap." Caldwell offered no reason to doubt that the jury came to its verdict based on anything but the trial evidence, prompting the court of appeals to affirm. *Id.*

In the end, we see no path by which Tolbert can obtain relief. The Supreme Court's "cases give no clear answer to the question presented, let alone one in [Tolbert's] favor," making it difficult to hold "that the state court unreasonably applied clearly established Federal law." *Wright v. Van Patten*, 552 U.S. 120, 126 (2008) (alterations and quotation marks omitted).

For these reasons, we affirm.