JONES, J., dissenting.
I respectfully dissent from the majority's decision. Considering the number of errors that occurred during Johnson's trial, I would vacate the conviction and remand the case for a new trial.
A. The district court fundamentally erred when it disclosed that Johnson's prior case had been reversed and remanded.
The majority relies on State v. Lankford , 162 Idaho 477, 399 P.3d 804 (2017), in holding that the district court did not fundamentally err by disclosing that Johnson's previous case was reversed and remanded. In Lankford , the district court made the following statement to the jury during voir dire:
There was a prior trial in Idaho County in 1984 for the offenses for which he is now charged. And an Appeals Court held that Mr. Lankford was not effectively represented and that his trial was therefore unfair.
*252 Id . at 486, 399 P.3d at 813. Lankford argued that the district court's statement about his prior trial and appeal amounted to fundamental error because it essentially informed the jury that he had previously been found guilty and convicted. Id . at 485, 399 P.3d at 812.
To establish fundamental error, this Court has held that the defendant must prove that the alleged error: "(1) violates one or more of the defendant's unwaived constitutional rights; (2) plainly exists (without the need for any additional information not contained in the appellate record, including information as to whether the failure to object was a tactical decision); and (3) was not harmless." State v. Perry , 150 Idaho 209, 228, 245 P.3d 961, 980 (2010). "Many courts, including the Supreme Court of the United States, have held that the fact that a juror knew that the defendant has been found guilty or convicted by a previous jury for the same crime creates an implied bias and constitutes fundamental error because it is inherently prejudicial." Lankford , 162 Idaho at 485, 399 P.3d at 812 (citing Leonard v. United States , 378 U.S. 544, 84 S.Ct. 1696, 12 L.Ed.2d 1028 (1964) ).
Accordingly, our analysis must focus on whether the district court's comments informed the jury that Johnson had been found guilty or convicted by a previous jury for the same offense. In Lankford , this Court ultimately found that the district court's statement was harmless because it did not reveal the outcome of Lankford's previous trial, recognizing the distinction between the mention of a previous trial and the mention of a previous conviction. Id . at 486, 399 P.3d at 813. Along these lines, the Court admitted that
While the mention of a previous conviction is certainly very damaging, see, e.g., Arthur , 715 F.2d at 119 ("[W]e are hard pressed to think of anything more damning to an accused than information that a jury had previously convicted him for the crime charged." (quoting United States v. Williams , 568 F.2d 464, 471 (5th Cir. 1978) ) ), the fact that the jury is aware that a defendant is facing trial for a second time simply does not carry the same weight. Watkins , 152 Idaho at 766, 274 P.3d at 1281 ("We are not persuaded that this is equivalent to the disclosure that a previous jury had found him guilty."). The fact that a defendant is being retried, without reference to a defendant's conviction or guilt, is no more prejudicial than the fact that the defendant has been held to answer to a criminal charge. Such prejudice is not a basis for relief because it is neither extreme nor unfair, but rather is an inevitable part of the criminal process. Brown , 313 S.W.3d at 607 ("[T]he fact that the jury may have been aware that [the defendant] was being retried no more infringed upon his right to be presumed innocent than does the jury's awareness that the defendant was arrested, indicted, and put on trial.").
Id. at 487, 399 P.3d at 814.
In the present case, the majority holds that the district court's comment that Johnson's case had been reversed and remanded is not the equivalent of disclosing a prior conviction. I disagree and firmly believe that the district court's disclosure that the case was "reversed" goes beyond mere mention of a prior trial, but conveys to the jury that the defendant had been previously convicted. To presume otherwise would be to infer that the jury believed it was possible to reverse an innocent verdict.
In Lankford , this Court declined to address whether disclosure of a prior conviction for the same offense would be cause for a finding of implied bias because the district court did not mention that Lankford was convicted. Id . at 486, 399 P.3d at 813. However, the Court did note that the mention of a previous conviction would be "very damaging." Id . at 487, 399 P.3d at 814. I would hold that the district court's statement was not merely a mention of Johnson's prior trial, but instead was a mention of a prior conviction. As a result, I would find that the district court committed fundamental error, and I would vacate Johnson's conviction and remand the case for a new trial.
B. The errors in this case, while potentially harmless individually, create cumulative error when combined.
Next, I disagree with the majority's holding that there was not cumulative error in *253 this case. It is paramount that the state may not "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV ; see also Idaho Const. art. I, § 13. This Court has interpreted the clause to "require states to ensure that criminal defendants' trials be fundamentally fair." State v. Severson , 147 Idaho 694, 715, 215 P.3d 414, 435 (2009) (citing Schwartzmiller v. Winters , 99 Idaho 18, 19, 576 P.2d 1052, 1053 (1978) ). A trial does not need to be error-free to be considered fundamentally fair. Id . (internal citation omitted). Nonetheless, the cumulative error doctrine provides as follows:
[A] series of errors, harmless in and of themselves, may in the aggregate show the absence of a fair trial. State v. Martinez , 125 Idaho 445, 453, 872 P.2d 708, 716 (1994). However, a necessary predicate to the application of the doctrine is a finding of more than one error. See State v. Hawkins , 131 Idaho 396, 407, 958 P.2d 22, 33 (Ct. App. 1998).
State v. Perry , 150 Idaho 209, 230, 245 P.3d 961, 982 (2010). As a result, "the cumulative error doctrine requires reversal of a conviction when there is 'an accumulation of irregularities, each of which by itself might be harmless, but when aggregated, the errors show the absence of a fair trial, in contravention of the defendant's constitutional right to due process.' " State v. Field , 144 Idaho 559, 572-73, 165 P.3d 273, 286-87 (2007) (quoting State v. Moore , 131 Idaho 814, 823, 965 P.2d 174, 183 (1998) ).
The majority admits that at least two errors occurred in this case. First, the State committed prosecutorial misconduct when a detective impermissibly commented on Johnson's invocation of his right to remain silent at trial. The Fifth and Fourteenth Amendments of the U.S. Constitution, as well as Article I, section 13 of the Idaho Constitution, guarantee a criminal defendant the right not to be compelled to testify against himself. U.S. Const. amends V, XIV ; Idaho Const. art. I § 13. A defendant's right to remain silent also bars the prosecution from commenting on a defendant's invocation of that right. State v. Ellington , 151 Idaho 53, 60, 253 P.3d 727, 734 (2011) (citing Griffin v. California , 380 U.S. 609, 613-14, 85 S.Ct. 1229, 14 L.Ed.2d 106 (1965) ). The majority correctly acknowledges that "the answer given by the detective ... crosses well over the line. It was gratuitous and offered in clear contravention of Johnson's right to remain silent." In spite of this, the majority contends that this error was harmless due to a subsequent curative instruction given by the district court.
Second, the district court erred when it allowed a witness to testify after having his recollection improperly refreshed under Idaho Rule of Evidence 612 because he had no present recollection regarding the topic of his disputed testimony. When testifying, "[a] witness may use virtually anything to refresh his or her memory, and the materials need not be admissible themselves." Baker v. Boren , 129 Idaho 885, 893, 934 P.2d 951, 959 (Ct. App. 1997). However, "[t]he court must ensure that the witness actually has a present recollection and is not to allow inadmissible evidence to inadvertently slip in for its truth." Thomson v. Olsen , 147 Idaho 99, 105, 205 P.3d 1235, 1241 (2009). In this case, Wilson admitted that he had no present recollection of Johnson's work activities on March 22, 2004. The majority determined that Wilson's testimony was in contravention of Idaho Rule of Evidence 612, but nonetheless considered this error to be harmless because the relevant evidence used by Wilson in his testimony was later properly introduced. Additionally, I believe that a third error occurred when the district court disclosed that Johnson's previous case was reversed and remanded, as explained above in Section A.
An error is harmless if the Court finds that the result would be the same without the error. State v. Almaraz , 154 Idaho 584, 598, 301 P.3d 242, 256 (2013). While I agree that the two errors identified by the majority may have been harmless on their own, I cannot agree that there was not cumulative error in this case. Johnson has a protected right to due process, which mandates that his trial be fundamentally fair. Severson , 147 Idaho at 715, 215 P.3d at 435. The bottom line is that the errors in this case, when aggregated, show that Johnson did not receive a fair trial.
*254 I would vacate Johnson's conviction and remand the case for a new trial.