**UNITED STATES v. MACKE et al.**
No. 166, Docket 20472.

Circuit Court of Appeals, Second Circuit.
Feb. 7, 1947.
Writ of Certiorari Denied April 28, 1947.
See 67 S.Ct. 1201.

674

Arthur A. Atha, of New York City, for appellants.

J. Vincent Keogh, U. S. Atty., of Brooklyn, N. Y. (Robert M. Hitchcock, Sp. Asst. to Atty. Gen., of counsel), for appellee.

Before AUGUSTUS N. HAND, CHASE, and FRANK, Circuit Judges.

PER CURIAM.

In United States v. Ausmeier and 17 other defendants including the above three (152 F.2d 349, 355), this court ordered a retrial. In an opinion by Judge Frank the court said:

"There was ample evidence to justify the jury in finding that each of the defendants made false statements in his application in answer to items Nos. 10 and 15."

The indictment charged the defendants with conspiring with each other, with Draeger, the German Consul at New York, and his secretary Vogel, to misrepresent facts concerning the defendants' membership in and affiliation with the Nazi Party within the United States. The al-

leged falsifications were made in connection with the registration of the defendants required by the Alien Registration Act of 1940, 8 U.S.C.A. § 452 et seq. An examination of the record of the present trial indicates that there was abundant proof that the defendants made false statements in answer to items 10 and 15 of their questionnaires, just as was shown at the former trial. The judgment there was reversed, not for lack of proof of guilt, but only because of an error in the charge. We shall not discuss the contention of the defendants that the verdict rendered at the present trial was not supported by substantial evidence. We ruled to the contrary as to the verdict on the former trial and the present record leaves the defendants in no better position. Each of them testified at the present trial, and the jury could readily infer as it did, that the answers they gave to items 10 and 15 of their questionnaires were knowingly false and misleading.

In addition to the foregoing criticism of the sufficiency of the evidence against the defendants, the latter claim that there was error by the trial judge in declining some ten requests to charge. We think these requests were properly declined for their substance had been covered by the charge that was delivered.

After the jury had been examined on the voir dire, the peremptory challenges had been exhausted, and the selected jurors had been sworn, 15 of the defendants, who had been indicted with the three defendants named above, pleaded guilty, leaving the three defendants-appellants to stand trial. The latter now claim that the court erred in not granting a motion for a mistrial because their rights to exercise peremptory challenges had been unfairly limited by sharing them with the 15 defendants who had participated in the selection of the jury before pleading guilty. Under 28 U.S.C.A. § 424 all the defendants before the court when the jury was examined were to be treated as one for the purpose of determining their rights to exercise challenges. Moreover, the position of the three defendants who were finally tried was, so far as relates to challenges, just as

good after the 15 other defendants had pleaded guilty as it was before, and there is no claim that the pleas of guilty by any of the 15 defendants were deferred in order to impair the rights of challenge of those defendants who were tried and convicted.

■ The right to exercise peremptory challenges is not a constitutional right. Courts are not limited to any particular method of providing for their exercise. See decision of the Eighth Circuit Court of Appeals in Holmes v. United States, 8 Cir., 134 F.2d 125, certiorari denied 319 U.S. 776, 63 S.Ct. 1434, 87 L.Ed. 1722, which followed Stilson v. United States, 250 U.S. 583, 40 S.Ct. 28, 63 L.Ed. 1154, and Schaefer v. United States, 251 U.S. 466, 40 S.Ct. 259, 64 L.Ed. 360.

Judgment affirmed.