Floyd E. Anderson, J.
The above-entitled actions were tried together. The defendant, Teddy O. Smith, defaulted. The plaintiffs were passengers in an automobile owned and operated by the defendant, Lawrence Marsh. The automobile owned and operated by the defendant, Teddy O. Smith, collided with the Marsh car, as a result of which the plaintiffs were injured. The jury returned a verdict for both plaintiffs against the defendant, Teddy O. Smith. A verdict was also returned by the jury in favor of Frank B. Chaffee, the guardian and parent of Helen R. Chaffee, and also a verdict in favor of Paul Lajza, the guardian and parent of Shirley Lajza, for disbursements. In the actions against Marsh, a no cause verdict was returned.
Before the jury was discharged, motions were made by the attorneys for the plaintiffs for a mistrial on the ground that the ballots containing the names of the 12 jurors who had served on the preceding trial were clipped together and placed in the box and were not drawn for service in this case. The affidavit of the clerk discloses: “ 5. That deponent placed a paper clip on the ballots on which the names of the above jurors appeared so that the ballots with their names could not be withdrawn separately from the jury box when a trial jury was being impanelled to try the above entitled actions, and none of them were withdrawn
The plaintiffs claim that they were deprived of a substantial right by reason of not having had available the full panel of jurors from which to select the jury in their case. They further charge the county clerk, who was acting as clerk of the court during the Trial Term, of violating the provisions of sections 742 and 743 of the Judiciary Law.
These sections provide:
‘‘ § 742. Drawing Jury. When an issue of fact, to be tried by a jury, is brought to trial, the clerk, under the direction of the court, must openly draw, out of the box, as many of the ballots, one after another, as are sufficient to form a jury. Before the first ballot is drawn, the box must be closed and well shaken, so as thoroughly to mix the ballots; and the clerk must draw each ballot, without seeing the name written on any of them, through an aperture, made in the lid of the box, large enough only to admit his hand conveniently ”.
*986 “ § 743. Disposition of ballots; first and second boxes. The ballots, containing the names of the jurors so sworn, must be then deposited in another box and there kept, apart from the other ballots, until that jury is discharged. After that jury is discharged, the ballots containing their names must be again rolled up or folded, as prescribed in section seven hundred and forty-one of this chapter, and returned to the box from which they were first taken; and the same course must be pursued, as often as an issue is brought to trial by a jury. The ballot, containing the name of a juror, who is absent, when his name is drawn or called, or is set aside, or excused from serving on that trial, must be again rolled up or folded, in the same manner as before, and returned to the box, containing the undrawn ballots, as soon as the jury is sworn ”.
The only exceptions to the rule which deprives the parties of the benefit of the entire jury panel is contained in section 744 of the Judiciary Law which reads as follows:
“ § 744. New jury may be drawn while first is impanelled. If an issue is brought to trial by a jury, while a jury is impanelled in another cause, at the same term, and not then discharged, the court may order a jury, for the trial of that issue, to be drawn, out of the box containing the ballots then undrawn; but, in any other case, the ballots, containing the names of all the trial jurors, returned at, and attending the term, must be placed together in the same box, before a jury is drawn therefrom
It will be observed that the directions to be followed in the selection of the jury are mandatory.
In the case of Hildredth v. City of Troy (101 N. Y. 234) an action was brought against the City of Troy to recover damages from negligence of the city in failing to keep a street in safe condition for travel. The jury awarded a verdict for the plaintiff. The city appealed on the ground that the Trial Justice erroneously excluded certain jurors. The court ruled that residents of the city were legally disqualified as jurors and excluded them on that ground alone. This was error. It was shown that the laws and provisions of the City Charter permitted residents to sit as jurors.
The court below held that the rejections of a competent juror was not ground of error, where the jurors who actually tried the case are competent. The Court of Appeals rejected this view. It held that the error in this case was in improperly rejecting competent jurors, saying further (pp. 239-240): “ The law prescribes the qualifications of jurors. The court cannot add to, or detract from them. It cannot itself select the jury, directly or indirectly. It cannot in its discretion, or capriciously, set aside *987 jurors as incompetent, whom the law declares are competent, and thus limit the selection of the jury to jurors whose names may be left. If this is done, a legal right is violated, for which an appellate court will give redress. The jury system, to be successfully administered, requires not only absolute impartiality in fact, in the drawing of jurors, but such an adherence to forms and methods of procedure as will secure public confidence and prevent any suspicion of improper or unfair dealing ”.
While this case is parallel in some of its aspects, it is nevertheless a review of a ruling by the court which erroneously excluded certain jurors from sitting on the case who were competent to do so. The error was, in other words, improperly rejecting competent jurors. The action of the court was equivalent to allowing the plaintiff more peremptory challenges than permitted by statute.
In the case at bar, we are dealing with a careless act of the clerk of the court in not separating the ballots containing the names of jurors who were otherwise eligible to be drawn and examined. The final result is the same. In the words of the Court of Appeals: “ It is we think the legal right of a party to have the jury selected from the competent names in the jury box, and that the range of selection shall not be limited by excluding without cause competent jurors from the panel ”. (Hildredth v. City of Troy, 101 N. Y. 234, 238, supra.)
The duties imposed upon the clerk of the court with respect to drawing jurors and the disposition of ballots as provided by sections 741, 742, 743 and 744 of the Judiciary Law are mandatory.
It appears that the clerk did not observe the statute. It is not within the power of the court to vary or change the obvious intent of the statute. It is likewise not within the court’s prerogative to disregard its violation.
Motion for mistrial is granted.