**934**

■ HELEN R. CHAFFEE, an Infant, by FRANK B. CHAFFEE, Her Guardian ad Litem, et al., Respondents, v. LAWRENCE MARSH, Appellant, et al., Defendant. SHIRLEY LAJZA, an Infant, by PAUL LAJZA, Her Guardian ad Litem, et al., Respondents, v. LAWRENCE MARSH, Appellant, et al., Defendant.— Appeal from an order granted at Trial Term, Supreme Court, Tompkins County. When the jury which had considered the case tried at Trial Term immediately before the cases now on appeal reported at 9:10 P.M. on March 14, 1956, a juror told the clerk she would on the following morning ask the Judge to excuse her from further jury service. In order to find her name more easily in the morning the clerk clipped the names of the jury then reporting together and put them in the jury box. The next morning the juror did not ask to be excused and the clerk forgot that he had clipped the names together. The cases now on appeal were called and a jury drawn. The clerk's hand in reaching in the box did not come in contact with the group of names clipped together, and a jury was drawn, accepted and sworn, composed of jurors other than those whose names were clipped together. Because of this mistake the jury's verdict has been set aside and a new trial ordered. We think an error of this sort, involving neither intent nor corruption of motive, will not invalidate the verdict unless prejudice is shown, and no prejudice is here shown by plaintiffs. The jury which returned a verdict in these cases was as impartial and as qualified as any jury that could have been drawn at the term. To permit an error of this sort which has not prevented the calling of a fully qualified jury to upset the judicial process would place the work of the court at the mercy of whimsical fortuity. It could as well be argued that because a clerk dropped a jury slip on the floor and did not see it; or because a jury slip became attached fast in a crevice of the jury box; or because of some omission in getting a complete panel in service; or because of the unexcused failure of one or more jurors to appear, that the whole panel and all the work it did at the term would be infected with incurable infirmity and irregularity. The clerk is required to follow the procedures set up by the sections 741 and 742 of the Judiciary Law; but if he makes a mistake in these respects the whole judicial process does not fall. If no one is prejudiced it must be disregarded (Civ. Prac. Act, §§ 105, 109, subd. 12). *Hildreth* v. *City of Troy* (101 N. Y. 234) is not applicable and specifically excluded a situation where there was a "mere irregularity". The order setting aside the verdict on this ground should be reversed; but since plaintiffs also applied for a new trial on the ground that the verdict is against the weight of the evidence and inadequate and since the Trial Term did not reach that question, the case should be remitted for its consideration. We cannot pass on that question on this record. Order reversed and the actions remitted to the Trial Term to determine whether the plaintiffs' motion to set aside the verdict on the questions of weight and adequacy should be granted or denied, with costs to abide the event. Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ., concur. [2 Misc 2d 984.]

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CHARLES KING STUART, Appellant, against CARLETON J. KING, as District Attorney, Respondent. — Appeal from an order of the County Court of Saratoga County denying the relator's petition for a writ of error in the nature of *coram nobis*. The appellant contended that the attorney who appeared for him at the time the appellant pleaded guilty had not been retained by him or on his behalf. However, the minutes of the proceedings show that the defendant stated to the court that the attorney in question represented him and that, in the defendant's presence, the attorney spoke on the defendant's behalf without any protest or objection of any kind. Order unanimously affirmed. Present — Bergan, J. P., Coon, Halpern, Zeller and Gibson, JJ.