**Frank SITARSKI, Petitioner,**

v.

**STATE OF NEW YORK, Respondent.**

**Civ. No. 1971–567.**

United States District Court,
W. D. New York.

May 14, 1973.

818

Henrietta M. Wolfgang, The Legal Aid Bureau of Buffalo, Inc., Buffalo, N. Y. (Charles J. Scibetta, Buffalo, N. Y., of counsel), for petitioner.

Louis J. Lefkowitz, Atty. Gen., of the State of New York (Bedros Odian, Buffalo, N. Y., of counsel), for respondent.

CURTIN, District Judge.

In 1970, after a trial by jury in New York State Supreme Court, Erie County, petitioner Frank Sitarski was convicted of attempted grand larceny in the third degree and burglary in the third degree and sentenced to concurrent terms of imprisonment of one year and up to seven years. His conviction was affirmed by the Appellate Division, Fourth Department, People v. Sitarski, 36 A.D.2d 581, 317 N.Y.S.2d 746 (4th Dept. 1971), and leave to appeal to the Court of Appeals was denied. The instant petition for a writ of habeas corpus followed.

■ Although petitioner is presently confined at the Federal Correctional Facility at Atlanta, Georgia, he is subject to a New York parole detainer warrant and will commence his sentence under the conviction he now challenges upon completion of his federal sentence. He is therefore "in custody" within the meaning of 28 U.S.C. § 2254(a), and this court therefore has jurisdiction of his petition. See United States ex rel. Meadows v. New York, 426 F.2d 1176, 1179 (2d Cir. 1970), cert. denied, 401 U. S. 941, 91 S.Ct. 944, 28 L.Ed.2d 222 (1971).

■ Petitioner presents three grounds for relief, the first of which is that his conviction was so lacking in proper evidentiary foundation as to violate his right to due process of law. See Johnson v. Florida, 391 U.S. 596, 88 S.Ct. 1713, 20 L.Ed.2d 838 (1968); Thompson v. City of Louisville, 362 U. S. 199, 80 S.Ct. 624, 4 L.Ed.2d 654 (1960). Because this claim has not been "fairly presented to the state courts," Picard v. Connor, 404 U.S. 270, 275, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971), it may not be considered by this court at this time unless, as petitioner contends, "there is . . . an absence of available State corrective process." 28 U.S.C. § 2254(b). The basis of the contention is that, because petitioner is presently confined outside New York State, the state remedy of habeas corpus is unavailable to him. See N.Y.

Civil Prac.Laws & Rules § 7002(a) (McKinney 1971 Supp.) (permitting "[a] person illegally imprisoned or otherwise restrained in his liberty within the state" to petition for a writ of habeas corpus). Notwithstanding the unavailability of state habeas corpus, however, relief should be available to petitioner under Section 440.10(1)(h) of the recently enacted New York Criminal Procedure Law, McKinney's Consol.Laws, c. 11–A, which provides as follows:

1. At any time after the entry of a judgment, the court in which it was entered may, upon motion of the defendant, vacate such judgment upon the ground that:

&ast; &ast; &ast; &ast; &ast; &ast;

(h) The judgment was obtained in violation of a right of the defendant under the constitution of this state or of the United States.[1]

The availability of a motion under Section 440.10(1)(h) requires that petitioner's first claim not be considered on the instant application.

■■■ Petitioner's second and third claims were raised on his appeal of his conviction and are hence properly before this court. The second claim is that petitioner was denied due process of law and equal protection of the laws when, pursuant to Section 360 of the former New York Code of Criminal Procedure,[2] a juror was sworn over his and one codefendant's peremptory challenges because the other codefendant refused to join in the challenges. At least as to peremptory challenges, however, a requirement that codefendants join their challenges is not unconstitutional. *See* Schaefer v. United States, 251 U.S. 466, 470, 40 S.Ct. 259, 64 L.Ed. 360 (1920); Stilson v.

United States, 250 U.S. 583, 586–587, 40 S.Ct. 28, 63 L.Ed. 1154 (1919); United States v. Stidham, 459 F.2d 297, 298–299 (10th Cir. 1972); United States v. Macke, 159 F.2d 673, 675 (2d Cir.), cert. denied, 331 U.S. 810, 67 S.Ct. 1201, 91 L.Ed. 1830 (1947). In *Stilson*, the Supreme Court stated as follows:

There is nothing in the Constitution of the United States which requires the Congress to grant peremptory challenges to defendants in criminal cases; trial by an impartial jury is all that is secured. The number of challenges is left to be regulated by the common law or the enactments of Congress. That body has seen fit to treat several defendants, for this purpose, as one party. If the defendants would avail themselves of this privilege they must act accordingly. It may be, as is said to have been the fact in the trial of the present case, that all defendants may not wish to exercise the right of peremptory challenge as to the same person or persons, and that some may wish to challenge those who are unobjectionable to others. But this situation arises from the exercise of a privilege granted by the legislative authority and does not invalidate the law. The privilege must be taken with the limitations placed upon the manner of its exercise.

250 U.S. at 586–587, 40 S.Ct. at 30.

■■■ Petitioner's final claim is that he was deprived of his Sixth Amendment right to a fair and impartial jury when one prospective juror was selected from a box containing only that juror's ballot. Petitioner contends that the clerk erred in not mixing in the ballots of

---

1. The court has found no cases discussing the scope of Section 440.10(1)(h). It appears, however, that cases holding that a claim of insufficiency of the evidence may not be raised on an application for a writ of error coram nobis, *e. g.*, People v. Buck, 15 A.D.2d 614, 222 N.Y.S.2d 755 (3d Dept.1961), would not bar a motion under Section 440.10(1)(h) alleging an absence of evidence of guilty.

*Cf.* Thompson v. City of Louisville, 362 U.S. 199, 206, 80 S.Ct. 624, 629, 4 L.Ed. 2d 654 (1960) (it is "a violation of due process to convict and punish a man without evidence of his guilt").

2. Section 360 provided that "[w]hen several defendants are tried together they cannot sever their challenges, but must join therein."

other potential jurors present in the courtroom before drawing out a ballot. In the absence of any showing that the alleged error was part of an arbitrary and systematic attempt to exclude a class of persons from the jury, *see* Hoyt v. Florida, 368 U.S. 57, 82 S.Ct. 159, 7 L. Ed.2d 118 (1961); Fay v. New York, 332 U.S. 261, 67 S.Ct. 1613, 91 L.Ed. 2043 (1947), or that it operated to petitioner's prejudice,[3] *cf.* United States v. Davis, 456 F.2d 1192, 1196 (10th Cir. 1972); Watts v. United States, 212 F.2d 275, 279 (10th Cir. 1954), vacated on other grounds, 348 U.S. 905, 75 S.Ct. 311, 99 L.Ed. 710 (1955), no violation of petitioner's right to a fair and impartial jury occurred.[4]

The petition for a writ of habeas corpus is denied.

Certificate of probable cause is denied.

Permission to appeal in forma pauperis is also denied, with the qualification that the petitioner may file with the Clerk of the United States District Court, United States Court House, Buffalo, New York, a notice of appeal, without the payment of filing fees.

This denial does not prevent the petitioner from applying directly to the Court of Appeals for the Second Circuit, United States Court House, Foley Square, New York City, for a certificate of probable cause, and for permission to prosecute an appeal in forma pauperis.

So ordered.

3. Although the transcript of petitioner's trial indicates that the court rejected a challenge to the juror based on the ground asserted here, there is no indication whether he ultimately sat on the jury. If he did sit, petitioner would have to produce evidence that he was not a fair and impartial juror in order to show prejudice. If he was subjected to a peremptory challenge and did not sit, petitioner would have to produce evidence that as a result of the exercise of the challenge, another juror who was not fair and impartial could not be challenged and therefore sat on the jury. Petitioner has not presented evidence of either sort.

4. *Compare* Hildreth v. City of Troy, 101 N.Y. 234, 240, 4 N.E. 559, 562 (1886), in which the court stated as follows:

We have not lost sight of the cases holding that mere irregularities on the part of ministerial officers in the selection and drawing of jurors is not ground of error, unless it appears that they operate to the prejudice of the party. . . . [B]ut the erroneous exclusion by a judge, on the trial, from a particular panel, of a class of persons regularly drawn, on the ground of incompetency, stands, we think, upon a different principle, and is governed by different considerations.

*See also* Chaffee v. Marsh, 2 A.D.2d 934, 156 N.Y.S.2d 376, 377 (3d Dept. 1956).