UNITED STATES of America, Plaintiff-Appellee,

v.

Lonnie DAVIS, aka Curtis L. Scott, aka Lonnie Terrell, Defendant-Appellant.

No. 74–1566.

United States Court of Appeals, Tenth Circuit.

Argued May 2, 1975.

Decided July 18, 1975.

Douglas McKay Kerr, Denver, Colo., for appellant.

David T. Fisher, Asst. U. S. Atty., Denver, Colo. (James L. Treece, U. S. Atty., Denver, Colo., on the brief), for appellee.

Before LEWIS, Chief Judge; BARRETT and DOYLE, Circuit Judges.

LEWIS, Chief Judge.

Lonnie Davis appeals from a judgment of conviction entered in the United States District Court for the District of Colorado after a jury found him guilty of distributing narcotics in violation of 21 U.S.C. § 841(a)(1). None of the defendant Davis' claims of error merits reversal, and we consider only one of such claims to need more than summary rejection.

Defendant asserts that the jury selected to hear his case was not "selected at random" as required by 28 U.S.C. §§ 1861 et seq. His claim in this regard is not a broadside for defendant does not challenge the validity of the master jury list, the jury panel, or the courtroom pool. The contention is limited to the selection of the twelfth juror only.

After defendant had exercised all of his peremptory challenges, there remained only two veniremen in the courtroom pool from whom to choose one remaining juror. At this point defendant's counsel objected to the court's voir dire of the two veniremen on the ground that selection of the final juror could not be "random" as required by the cited statute. The court overruled this objection and proceeded to examine the final prospective juror drawn and then selected him as the final juror to serve.

Defendant sums up his argumentative position well. The concept of randomness, so states defendant, is inextricably related to number and thus selection of a juror from a pool of two cannot be "at random." The argument has only initial appeal and we must reject it.

Granted the premise that the courtroom pool was selected in accord with federal law, the chance selection of a juror from that pool is necessarily random regardless of the fact that the element of chance may decrease as it pertains to an individual juror to the point of zero. The essence of randomness, in this context, is not number, but the absence of any arbitrary attempt to exclude a class of persons from the jury. See 28 U.S.C. §§ 1862, 1863(b); Sitarski v. New York, W.D.N.Y., 358 F.Supp. 817, 820. Compliance with federal law and with the provisions of the district court's plan for selection of jury pools from the eligible citizenry prevents such discrimination. Compliance with federal law at these earlier stages therefore ensures randomness. Where jurors are selected by means of the examination of consecutive veniremen, the number of such veniremen in the courtroom at the time of any particular selection is irrelevant. The selection of each of the jurors is guaranteed "random" so long as formation of the pool is nondiscriminatory. For these reasons, the court properly overruled defendant's objection.

Affirmed.