**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Jalid Jose AMER, Defendant-Appellant.**

**No. 86–3689**
**Non-Argument Calendar.**

United States Court of Appeals,
Eleventh Circuit.

Aug. 14, 1987.

Frank E. Merrick, Orlando, Fla., for the Amer.

Robert W. Merkle, U.S. Atty., Steve Purcell, Bruce Hinshelwood, Asst. U.S. Attys., Orlando, Fla., for the U.S.

Before FAY, ANDERSON and EDMONDSON, Circuit Judges.

PER CURIAM:

Appellant Amer and codefendants Rodriguez and Thompson were indicted by a federal grand jury on conspiracy and drug charges. Amer and Rodriguez filed separate motions for severance. Amer's motion alleged that the government intended to offer evidence at trial of a prior conviction linking Amer and Thompson together in the same drug offense; that the government intended to offer evidence of Rodriguez' arrest and conviction in 1980 on unrelated charges, which would be prejudicial to Amer; that Amer intended to present a defense antagonistic to the defense of Rodriguez and Thompson; and that it was anticipated that Rodriguez and Thompson would assert defenses antagonistic to Amer's defense. After a hearing, the trial judge denied the motions to sever.

On August 12, 1986, the defendant Thompson pled guilty. The following day, jury selection commenced for the joint trial of Amer and Rodriguez. The trial court allocated ten peremptory challenges to the codefendants, to be exercised either separately or jointly. The codefendants split their peremptory challenges and exercised them separately. Following jury selection, the jury was released without being sworn and was instructed to return the next day.

The government then announced the possibility that former codefendant Thompson, who had pled guilty the day before, would testify against Amer and Rodriguez. Based on this new information, Rodriguez renewed his motion to sever on the grounds that his cross-examination of Thompson would likely reveal very incriminating information about the prior conviction involving Thompson and Amer. The government joined in Rodriguez' motion. This time, the trial court granted the motion. Amer objected on the grounds that he was entitled to select a new jury, because he was deprived of his full complement of ten peremptory challenges. Further, Amer argued that he was entitled to a jury which he chose, rather than one chosen by both him and Rodriguez, since Amer had not been able to challenge all the jurors he wished to challenge. The trial judge rejected Amer's arguments, and the next day the jury was sworn and trial commenced. Amer was convicted after a two-day trial. Amer appeals on the ground that it was reversible error to swear the jury and to thus deny Amer's full entitlement of ten peremptory challenges. We affirm.

■ Federal Rule of Criminal Procedure 24(b) provides, in pertinent part:

> If the offense charged is punishable by imprisonment for more than one year, the government is entitled to 6 peremptory challenges and the defendant or defendants jointly to 10 peremptory challenges.... If there is more than one defendant, the court may allow the defendants additional peremptory challenges and permit them to be exercised separately or jointly.

Fed.R.Crim.P. 24(b). Amer argues that this rule gives him an absolute entitlement to ten peremptory challenges *of his own*, if he is not ultimately tried with a codefendant. We cannot agree that this is so, upon the facts of this case. The rule makes clear that ten peremptory challenges are sufficient in a case where there are codefendants. At the time Amer's jury was chosen, there *were* two codefendants. Unless it was improper for the two codefendants to have been jointly tried in the first place, there was no violation of the rule. For example, if two codefendants are tried, and mid-trial one pleads guilty, the other codefendant would not be entitled to a new jury chosen exclusively by him. The only difference here, and not one which we find significant in this case, is that the jury in Amer's case had not yet been sworn.

Thus, we conclude that where there are codefendants at the time a jury is selected, unless there was reversible error in trying those defendants jointly, there is no error in allowing a total of ten peremptory challenges, even if one codefendant subsequently drops out of the case. A defendant is not entitled to a jury composed only of members of his own choosing, if at the

time of selection he properly has a codefendant, regardless of whether the codefendant ends up being jointly tried.

The remaining question, therefore, is whether the trial judge erred in not granting a severance prior to jury selection. The issue is not, as petitioner would have us believe, whether the trial judge ultimately granted a severance based on the same grounds that were presented in support of the prior motion to sever; rather, the inquiry is concerned with whether a severance was mandated at an earlier point.

We will reverse a trial court's denial of severance under Fed.R.Crim.P. 14 only for an abuse of discretion. *United States v. Hewes*, 729 F.2d 1302, 1318 (11th Cir.1984), *cert. denied*, 469 U.S. 1110, 105 S.Ct. 790, 83 L.Ed.2d 783 (1985). This court has repeatedly stated that in order to establish an abuse of discretion, the defendant must show that a joint trial subjected or would have subjected him to compelling prejudice against which the district court could not have afforded protection. *United States v. Harper*, 680 F.2d 731, 733 (11th Cir.), *cert. denied*, 459 U.S. 916, 103 S.Ct. 229, 74 L.Ed.2d 182 (1982). Upon this record, we cannot say that appropriate instructions to the jury would not have avoided any prejudice arising from the introduction of evidence of other crimes of codefendants. It is also not at all clear, despite Amer's contention, that the codefendants would have asserted antagonistic defenses. Thus, we do not think the trial judge abused his discretion in not granting Amer's motion for severance prior to jury selection.

Since it was not error to deny the motion for severance prior to jury selection, there was no error in rejecting Amer's request that he be allowed to select a new jury after the second motion to sever was granted.

AFFIRMED.