# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2151

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | Eastern District of Arkansas. |
| Billy Whitehead, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: December 12, 2000

Filed: February 1, 2001

_____

Before WOLLMAN, Chief Judge, RICHARD S. ARNOLD, and HANSEN,
Circuit Judges.

_____

WOLLMAN, Chief Judge.

Billy Whitehead appeals the conviction entered in district court[1] for conspiracy to distribute cocaine base, distribution of cocaine base, and aiding and abetting the distribution of cocaine base in violation of 21 U.S.C. section 841. He argues that he was prejudiced by being required to share his peremptory challenges with a co-

_____

[1]The Honorable George Howard, Jr., United States District Judge for the Eastern District of Arkansas.

defendant, who subsequently pled guilty and testified against him, and by the admission of a statement over his hearsay objection. We affirm.

## I.

Whitehead and his co-conspirator, Jessie Molden, were arrested after selling cocaine base, or crack, to a government informant on several occasions in the fall of 1998. The informant met Whitehead at the first such sale on September 28, 1998, after an initial meeting with Molden in a car lot earlier that month. The indictment charged Whitehead and Molden with a conspiracy that existed from September 28, 1998, through November 3, 1998.

Whitehead and Molden were scheduled to be tried jointly. During voir dire, they were given ten peremptory challenges to share between them. The court subsequently allowed them to group the single peremptory challenge for alternate jurors with those ten. Following the selection of the jury, the trial was adjourned until the following morning, at which time Molden entered a guilty plea to one count of distribution of cocaine base and agreed to testify against Whitehead in exchange for the dismissal of the remaining counts.

Before the jury was sworn, Whitehead moved to select a new jury, contending that, because he was going to be tried alone, he should be allowed to exercise ten peremptory challenges. The district court denied the motion, and the trial proceeded as scheduled before the already-selected jury. Molden testified, as did the informant. During the course of his testimony, the informant mentioned his initial meeting with Molden in the car lot prior to the September 28 drug purchase and began to recount their conversation. Overruling Whitehead's hearsay objection, the district court conditionally admitted the testimony as a co-conspirator statement, subject to the government's proving that the co-conspirator exception to the hearsay rule was applicable. Whitehead was convicted and sentenced to be imprisoned for 240 months.

## II. Peremptory Challenges

Whitehead first argues that the district court's requiring him to share his peremptory challenges with Molden resulted in his "being unable to strike certain potential jurors he otherwise would have." He further contends that an impairment of the right to peremptory challenges is reversible error even without a showing of prejudice. Because we conclude that Whitehead's use of his peremptory challenges was not impaired, we do not reach this second contention.

We review the district court's conduct of voir dire for abuse of discretion, reversing if voir dire is conducted in such a way as to fail to allow the defense to intelligently exercise its peremptory challenges. United States v. Granados, 117 F.3d 1089, 1092 (8th Cir. 1997). For the purposes of allocating peremptory challenges, codefendants are properly treated as a single party. Holmes v. United States, 134 F.2d 125, 129 (8th Cir. 1943). "[W]here there are codefendants at the time a jury is selected, unless there was reversible error in trying those defendants jointly, there is no error in allowing a total of ten peremptory challenges, even if one codefendant subsequently drops out of the case," United States v. Amer, 824 F.2d 906, 907 (11th Cir. 1987), because remaining defendants are no worse off than they would have been if all defendants had remained, United States v. Phillips, 874 F.2d 123, 131 (3d Cir. 1989); United States v. Macke, 159 F.2d 673, 674 (2d Cir. 1947).

Whitehead has not alleged that the decision to try both defendants jointly was erroneous, or that Molden's plea was delayed for the purpose of interfering with his exercise of peremptory challenges; indeed, he has not even indicated how he might have altered his exercise of challenges had Molden not participated in the voir dire. In the absence of any showing that Whitehead's rights were impaired by the requirement that he share the challenges, there is no reason to conclude that they were retroactively impaired by Molden's subsequent plea. We conclude, therefore, that Whitehead

suffered no impairment of his rights and that the district court properly denied the motion.

## III.  Co-conspirator Statement

Whitehead argues that the district court erred in admitting under Rule 801(d)(2)(E) of the Federal Rules of Evidence the informant's testimony regarding a statement made by Molden before September 28, 1998.  He contends that the statement did not fall within the co-conspirator exception because the government failed to prove that the conspiracy was in existence at the time it was made.  In explaining his initial meeting with Molden, the informant testified that the two talked "about dope, rock cocaine, and talk[ed] about powder, and [Molden] told me that he could get me hooked up--."  The informant was interrupted by a defense objection, and the remainder of his testimony dealt with events that occurred on or after September 28, the date on which independent evidence established that the conspiracy was shown to exist.

The district court's determination that a statement falls within the co-conspirator exception to the hearsay rule will not be reversed unless it is clearly erroneous.  United States v. Eisenberg, 807 F.2d 1446, 1453 (8th Cir. 1986).  "To fulfill the requirements of the co-conspirator's statement exemption, the government must demonstrate that (1) a conspiracy existed; (2) that the defendant and the declarant were part of the conspiracy; and (3) that the declaration was made during the course and in furtherance of the conspiracy."  Id. (citations omitted).

Whitehead does not argue that the government failed to prove that a conspiracy existed to which both he and Molden were parties; he argues only that it did not show that the conspiracy existed at the time of Molden's initial meeting with the informant.  Assuming that the government failed to prove that the challenged  statement was made during the course of the conspiracy, its admission was harmless error because it did not inculpate Whitehead.  See United States v. Schepp, 746 F.2d 406, 411 (8th Cir. 1984)

(holding admission of hearsay statements under co-conspirator exception was harmless error even though statements were not made during course of conspiracy because the statements did not inculpate the defendant and the independent evidence of conspiracy was overwhelming). At most, the statement indicated the existence of a conspiracy giving Molden access to drugs. Given the substantial independent evidence tending to prove that fact, most notably Molden's testimony itself, we cannot say that there is a reasonable possibility that the statement contributed to Whitehead's conviction. Id.; Eisenberg, 807 F.2d at 1454. Any error by the district court in admitting the statement was therefore harmless.

The judgment is affirmed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.